IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02458-WYD-KLM

JIMMIE LOUISE GRAY, individually and as Personal Representative of the Estate of
CHARLES E. GRAY, deceased;
TERESA LEEPER;
DAVID GRAY;
TIM GRAY,

    Plaintiffs,

v.

UNIVERSITY OF COLORADO HOSPITAL AUTHORITY, a body corporate and political subdivision of the State of Colorado;
UNIVERSITY OF COLORADO HOSPITAL;
MARK SPITZ, M.D., in his individual and official capacities;
ARCHANA SHRESTHA, M.D., in her individual and official capacities;
CHRISTY BARBEE-YOUNG, M.D., in her individual and official capacities;
MOLLIE STARTZER, R.N., in her individual and official capacities;
HEATHER HOGUE, R.N., in her individual and official capacities;
SAMANTHA BALLOU, R.N., in her individual and official capacities;
CHRISTY METCALF, R.N., in her individual and official capacities;
KENICHEA NICHOLS, R.N., in her individual and official capacities;
NATALIE ALICE SANMIGUEL, R.N., in her individual and official capacities;
ANNE ZADRAZIL, R.N., in her individual and official capacities;
ROSEMARY KELLY, R.N., in her individual and official capacities;
OKSANA HENN, R.N., in her individual and official capacities;
MELISSA ROBERTS, R.N., in her individual and official capacities;
WENDY TILLMAN, R.N., in her individual and official capacities;
BEVERLY SOLAS-FAJARDO, C.N.A., in her individual and official capacities;
DARCY O'BANION, C.N.A., in her individual and official capacities;
PHOETH MAKIO, C.N.A., in her individual and official capacities;
ELOISE BERG, in her individual and official capacities;
JASON BOOE, in his individual and official capacities;
MARIE ERICKSON, in her individual and official capacities;
JACQUELINE FUNK, in her individual and official capacities;
ANNETTE HILL, in her individual and official capacities;
JESSICA LUETH, in her individual and official capacities;
KATHERYN OZUK, in her individual and official capacities;
JIMMY WALSH, in his individual and official capacities;
TSIGE WASHUN, in his individual and official capacities; and
JOHN AND JANE DOE(S), in their individual and official capacities;

Defendants.

---

# ORDER SETTING
# SCHEDULING/PLANNING CONFERENCE
(as *amended* effective June 1, 2009)

---

The above captioned case has been referred to Magistrate Judge Kristen L. Mix pursuant to the Order of Reference entered by Chief District Judge Wiley Y. Daniel on October 26, 2009.

### A.  Date of Scheduling Conference

IT IS HEREBY **ORDERED** that a Scheduling/Planning Conference pursuant to Fed.R.Civ.P. 16(b) shall be held on **January 5, 2010**, commencing at **10:00 a.m.** in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

### B.  How to Request Different Date for Scheduling Conference

If this date is not convenient for any counsel/pro se party, he/she shall file a motion to reschedule the conference to a more convenient date, and shall list dates in the motion which are available for all counsel/pro se parties. Absent exceptional circumstances, no request for rescheduling any appearance in this court will be considered unless a motion is made FIVE (5) business days in advance of the date of appearance.

### C.  How to Request Appearance By Telephone at Scheduling Conference

If you wish to appear at the Scheduling Conference by telephone, you must file a motion seeking permission to appear by telephone and setting forth good cause for a telephonic appearance.  No such motion will be granted unless it is filed at least FIVE (5) business days in advance of the scheduling conference.

### D.  Plaintiff's Duty to Notify Parties of Scheduling Conference

The plaintiff shall notify all parties who have not entered an appearance as of the date of this Order of the date and time of the Scheduling/Planning Conference set forth above.

### E. Parties' Obligations Before Scheduling Conference

1. Scheduling Order

IT IS **ORDERED** that counsel/pro se parties in this case are to hold a pre-scheduling conference meeting at least twenty-one (21) days before the scheduling conference pursuant to Fed. R. Civ. P. 26(f)(1) *and DO ONE OF THE FOLLOWING:*

*(1) If the parties agree that it is appropriate to do so*, prepare a proposed Scheduling Order in accordance with Fed. R. Civ. P. 26(f), as amended. The instructions for completing the Scheduling Order may be found on the Court's website (www.cod.uscourts.gov) with the scheduling order form.  Pursuant to Fed. R. Civ. P. 26(d), as amended, no discovery is to be exchanged until after the Rule 26(f) conference meeting.  The parties **shall** include the following language in paragraph 8(h)(5) of their proposed Scheduling Order:

"Other Planning or Discovery Orders:  No opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1(A).  If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a conference call with Magistrate Judge Mix to attempt to resolve the issue.  Both of these steps must be completed before any contested discovery motions are filed with the Court;" **OR**

*(2) If the parties agree that the form scheduling order is inadequate given the nature of the case, prepare to discuss scheduling and case management issues with the Magistrate Judge at the scheduling conference.*

If the parties select the first option, no later than **five (5) calendar days** prior to the Scheduling/Planning Conference, counsel/pro se parties shall submit their proposed Scheduling Order **(in PDF)** in compliance with the Court's Electronic Case Filing Procedures which are also available on the Court's website.  An additional copy of the proposed scheduling order is to be provided to my chambers at Mix_Chambers@cod.uscourts.gov by **e-mail attachment** with the subject line stating "proposed Scheduling Order" and in **WordPerfect format**.

Parties who are pro se or do not have access to the internet may obtain the scheduling order form and instructions from the Clerk's Office, Room A105, in the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, 80294.  Scheduling Orders prepared by parties not represented by counsel, or without access to electronic case filing, are to be submitted to the Clerk of the Court on paper.

2. Mandatory Disclosures

IT IS **FURTHER ORDERED** that on or before 14 days after the Rule 26(f) pre-scheduling conference meeting, the parties shall comply with the mandatory disclosure requirements of Fed.R.Civ.P. 26(a)(1), as amended.

3. Confidential Settlement Statements

IT IS **FURTHER ORDERED** that at least **five (5) calendar days** before the Scheduling/Planning Conference, counsel/pro se parties shall submit a brief Confidential Settlement Statement to the Magistrate Judge **ONLY**, outlining the facts and issues involved in the case, and the possibilities for settlement, including any settlement authority from the client.  Electronic case filing participants are to submit their Confidential Settlement statements to chambers at Mix_Chambers@cod.uscourts.gov. with the subject line stating "Confidential Settlement Statement" along with the case number and case caption.  The Confidential Settlement statement should be submitted **in PDF** format and sent as an attachment to the e-mail.  Documents with attachments totaling over 15 pages shall be submitted **to the Clerk's office** in an envelope labeled "Personal Materials" addressed to Magistrate Judge Kristen L. Mix.[1]   Counsel/pro se parties should be prepared to discuss settlement at the Scheduling/Planning Conference.

**F.  Miscellaneous**

All out-of-state counsel shall comply with D.C.COLO.LCivR 83.3 before the

---

[1] **Do not label this envelope "confidential settlement statement" because you will risk the public filing of the document.**

Scheduling/Planning Conference.

It is the responsibility of counsel/pro se parties to notify the Court of his/her entry of appearance, notice of withdrawal, notice of substitution of counsel, or notice of change of address, e-mail address, or telephone number by complying with the Court's Electronic Case Filing Procedures or paper-filing the appropriate document with the Court.

The Parties are further advised that they shall not assume that the Court will grant the relief requested in any motion. Failure to appear at a court-ordered conference or to comply with a court-ordered deadline which has not been vacated by court order may result in the imposition of sanctions under Fed. R. Civ. P. 16(f).

Anyone seeking entry to the Byron G. Rogers United States Courthouse will be required to show valid photo identification. *See* D.C.COLO.LCIVR. 83.2B. Failure to comply with this requirement will result in denial of entry to the courthouse.

DATED: October 26, 2009 at Denver, Colorado.

BY THE COURT:

 s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge