IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02458-MSK-KLM

JIMMIE LOUISE GRAY, individually and as Personal Representative of the Estate of
CHARLES E. GRAY, deceased;
TERESA LEEPER;
DAVID GRAY;
TIM GRAY,

    Plaintiffs,

v.

UNIVERSITY OF COLORADO HOSPITAL AUTHORITY, a body corporate and political subdivision of the State of Colorado;
UNIVERSITY OF COLORADO HOSPITAL;
MARK SPITZ, M.D., in his individual and official capacities;
ARCHANA SHRESTHA, M.D., in her individual and official capacities;
CHRISTY BARBEE-YOUNG, M.D., in her individual and official capacities;
MOLLIE STARTZER, R.N., in her individual and official capacities;
HEATHER HOGUE, R.N., in her individual and official capacities;
SAMANTHA BALLOU, R.N., in her individual and official capacities;
CHRISTY METCALF, R.N., in her individual and official capacities;
KENICHEA NICHOLS, R.N., in her individual and official capacities;
NATALIE ALICE SANMIGUEL, R.N., in her individual and official capacities;
ANNE ZADRAZIL, R.N., in her individual and official capacities;
ROSEMARY KELLY, R.N., in her individual and official capacities;
OKSANA HENN, R.N., in her individual and official capacities;
MELISSA ROBERTS, R.N., in her individual and official capacities;
WENDY TILLMAN, R.N., in her individual and official capacities;
BEVERLY SOLAS-FAJARDO, C.N.A., in her individual and official capacities;
DARCY O'BANION, C.N.A., in her individual and official capacities;
PHOETH MAKIO, C.N.A., in her individual and official capacities;
ELOISE BERG, in her individual and official capacities;
JASON BOOE, in his individual and official capacities;
MARIE ERICKSON, in her individual and official capacities;
JACQUELINE FUNK, in her individual and official capacities;
ANNETTE HILL, in her individual and official capacities;
JESSICA LUETH, in her individual and official capacities;
KATHERYN OZUK, in her individual and official capacities;
JIMMY WALSH, in his individual and official capacities;
TSIGE WASHUN, in his individual and official capacities; and
JOHN AND JANE DOE(S), in their individual and official capacities;

    Defendants.

_____
## ORDER DENYING MOTION TO STAY AS MOOT
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **University Physicians' Motion to Stay Pending Resolution of Motion to Dismiss RE: Qualified Immunity** [Docket No. 39; Filed April 7, 2010]; and **Hospital Defendants' Joinder in University Physicians' Motion to Stay Discovery Pending Resolution of Motion to Dismiss RE: Qualified Immunity** [Docket No. 41; Filed April 7, 2010] (collectively, the "Motion"). Defendants Mark Spitz, Archana Shrestha and Christy Barbee-Young, University of Colorado Hospital Authority, University of Colorado Hospital, Mollie Startzer, Jason Booe, Jacqueline Funk and Beverly Solas-Fajado move to stay discovery as to all claims until resolution of pending Motions to Dismiss [Docket No. 16 & 20]. The Motions to Dismiss have not been referred to this Court.

Plaintiffs filed a Response in partial opposition to the Motion on April 22, 2010 [Docket Nos. 50], indicating that they are not opposed to a stay of discovery as to the individual Defendants but they are opposed to a stay as to the institutional Defendants because any basis for their dismissal would not be related to qualified immunity. Hospital Defendants filed a Reply on May 6, 2010 [Docket No. 51]. The Motion has now been briefed and is ready for resolution.

IT IS HEREBY **ORDERED** that the Motion is **DENIED as moot**. As noted by Hospital Defendants, the parties agreed to vacate the Scheduling Conference until resolution of the pending Motions to Dismiss [Docket No. 40]. *Reply* [#51] at 3. As such, the Court believes that the parties have not conducted their prescheduling conference as

required by Fed. R. Civ. P. 26(f). Given the current posture of the case, **no party may seek discovery**. See Fed. R. Civ. P. 26(d)(1). Accordingly, the requested relief is unnecessary.

IT IS FURTHER **ORDERED** that any party who would like to take discovery shall either move to set a Scheduling Conference or move to take discovery in advance of such conference.

The Court notes that there remain several Defendants who have not been served. According to the March 22, 2010 status report, Plaintiffs indicated that they intended to dismiss any remaining unserved parties [Docket No. 31]. To date, Plaintiffs have not done so.

IT IS HEREBY **ORDERED** that on or before **May 31, 2010**, Plaintiffs shall voluntarily dismiss the unserved Defendants pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Failure to do so will result in the issuance of an Order to Show Cause why they should not be involuntarily dismissed pursuant to Fed. R. Civ. P. 4(m) and 41(b).

Dated: May 17, 2010

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix